UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JESSICA ROSE,

    Plaintiff,

v.                                      CASE NO.:  8:16-CV-02688-JSM-TBM

NAVIENT SOLUTIONS, LLC, and
STUDENT ASSISTANCE CORPORATION,

    Defendants.

**PLAINTIFF'S MOTION TO COMPEL AND INCORPORATED MEMORANDUM OF LAW**

**COMES NOW,** Plaintiff, Jessica Rose, by and through her undersigned counsel and pursuant to Federal Rule of Civil Procedure 37, hereby respectfully requests this Honorable Court grant her Motion to Compel Defendant, Navient Solutions, LLC's (NSL), Discovery Responses, and asserts the following in support thereof:

## BACKGROUND

1.    The discovery disputes underlying this Motion revolve around Defendant's refusal to provide basic documents and responses to straightforward requests, despite their continued promises to do so.

2.    Plaintiff filed her Complaint [Doc. 1] on September 19, 2016, alleging that Defendants NSL and sister company Student Assistance Corporation (SAC) violated the Telephone Consumer Protection Act ("TCPA"), Florida Consumer Collection Practices Act ("FCCPA") and the Fair Debt Collection Practices Act ("FDCPA").

1

3. The underlying discovery disputes in today's Motion simply seek documents directly related and highly relevant to the willful and knowing nature of the violations of the TCPA, as well as possible evidence solidifying Defendant's "intentional misconduct or gross negligence" in support of Plaintiff's claim for punitive damages under the FCCPA.

4. Without the documents and information at issue in this Motion, Plaintiff may find herself with the difficult, if not impossible, task of putting on evidence at trial to prove possible willful and knowing violations of the TCPA or potential punitive damages under the FCCPA.

5. Plaintiff served her first set of Interrogatories, Requests for Production, and Request for Admissions on December 1, 2016. Defendant served its Objections on January 4, 2016, its Responses to Plaintiff's First Set of Interrogatories, Requests for Production, and Request for Admissions on January 17, 2017, and did not produce any documents until January 25, 2017, following a 3.01(g) conference.

6. Pursuant to Local Rule 3.01(g), Plaintiff has had numerous discussions—on January 19, 2017, February 1, 2017, and February 13, 2017—concerning the issues discussed in this Motion prior to its filing.

7. To date, Plaintiff still has not received any supplemental responses withdrawing Defendant's boilerplate, cookie-cutter objections and providing meaningful responses.

8. Plaintiff therefore moves this Court to overrule Defendant's objections and compel actual responses to certain Requests for Production, as well as certain Interrogatories.

### DISCOVERY REQUESTS RELATED TO DEFENDANT'S POLICIES AND PROCEDURES

**Request No. 1:** Documents you used to comply with 47 U.S.C. §227(b)(1)(A)(iii) of the "TCPA" concerning your "telephone calls" to the "Plaintiff's cellular telephone number" during the "relevant period."

**RESPONSE:** NSI[1] objects to this Request on the grounds that: (i) it is vague and ambiguous; (ii) it seeks confidential, proprietary business documents that belong to NSI; and (iii) it seeks documents that are protected from disclosure by the attorney-client privilege and/or the attorney work-product privilege. Without waiving and subject to these objections and the general objections, NSI responds to this Request as follows: NSI will produce those non-privileged, non-confidential documents in its possession, custody or control that can be located after a diligent search and reasonable inquiry.

**Request for Production No. 12:** Internal memoranda, bulletins, letters, committee or team reports, emails, meeting minutes, or other documents created or modified during the "relevant time period" concerning or relating to preventing violations of the TCPA of the type alleged in this lawsuit.

**RESPONSE:** NSI objects to this Request on the grounds that: (i) it is overbroad, unduly burdensome and harassing; (ii) it is vague and ambiguous; (iii) it seeks confidential, proprietary business documents that belong to NSI; (iv) it seeks documents that are protected from disclosure by the attorney-client privilege and/or the attorney work-product privilege; (v) it seeks a legal conclusions with respect to the nature of "violations" of the TCPA; and (vi) it seeks documents that are neither relevant nor proportional to the needs of this action.

**Request for Production No. 18:** Copies of all internal memoranda, bulletins, letters, committee or team reports, emails, meeting minutes, or other documents created or modified during the "relevant time period" which instructs or notify your employees, representatives or agents how to respond to or handle any complaints, claims, verbal requests for a cease and desist of Defendant's "telephone calls," and/or other requests to discontinue Defendant's "telephone calls."

**RESPONSE:** NSI objects to this Request on the grounds that: (i) it is overbroad, unduly burdensome and harassing; (ii) it is vague and ambiguous; (iii) it seeks confidential, proprietary business documents that belong to NSI; (iv) it seeks documents that are protected from disclosure

---

[1] Note that the original objections served by Defendant NSL were under the entities previous name, Navient Solutions, Inc. (NSI). The original objections have been retained under NSI rather than Defendant's current name, NSL.

by the attorney-client privilege and/or the attorney work-product privilege; and (v) it seeks documents that are neither relevant nor proportional to the needs of this action.

**Request No. 27:** A copy of all policies and procedures in effect during the "relevant period," regarding Defendant's use of an "automatic telephone dialing system," "artificial voice," and/or "prerecorded voice."

**RESPONSE:** NSI objects to this Request on the grounds that: (i) it is overbroad, unduly burdensome and harassing; (ii) it is vague and ambiguous; (iii) it seeks confidential, proprietary business documents that belong to NSI; (iv) it seeks documents that are neither relevant nor proportional to the needs of this action.

**Request No. 28:** A copy of all policies and procedures in effect during the "relevant period," regarding Defendant's determination of whether Plaintiff consented to calls placed to "Plaintiff's cellular telephone number" using an "automatic telephone dialing system," "artificial voice," and/or "prerecorded voice."

**RESPONSE:** NSI objects to this Request on the grounds that: (i) it is overbroad, unduly burdensome and harassing; (ii) it is vague and ambiguous; (iii) it seeks confidential, proprietary business documents that belong to NSI; (iv) it seeks documents that are neither relevant nor proportional to the needs of this action.

**Request for Production in 29**: A copy of all policies and procedures in effect during the "relevant period," regarding determination if Plaintiff revoked prior expressed consent.

**RESPONSE:** NSI objects to this Request on the grounds that: (i) it is overbroad, unduly burdensome and harassing; (ii) it is vague and ambiguous; (iii) it seeks confidential, proprietary business documents that belong to NSI; (iv) it seeks documents that are neither relevant nor proportional to the needs of this action.

**Request for Production 30:** A copy of all policies and procedure which concern or related to practices to be followed by Defendant in communicating with or attempting to collect a debt from the Plaintiffs and specifically related to compliance with F.S. §§ 559.72(7).

**RESPONSE:** NSI objects to this Request on the grounds that: (i) it seeks confidential, proprietary business documents that belong to NSI; (ii) it seeks documents that are neither relevant no proportional to the needs of this action; and (iii) it seeks documents that are protected from disclosure by the attorney client privilege and/or work product doctorine.

**Request for Production No. 34:** Provide a log of all documents in Defendant's possession which Defendant asserts are protected by attorney work product or the attorney client privilege. In your response, please provide the author, recipient and document date of each document along with the identity of all persons, other than counsel, who to your knowledge have reviewed or seen the documents.

**RESPONSE:** NSI objects to this Request to the extent that it purports to impose obligations in addition to those stated in the Federal Rules of Civil Procedure and/or the Local Rules of the Court.

**Basis to Compel Responses to Requests for Production Nos. 1, 12, 18, 27-30, and 34:**

To date, NSI has failed to cooperate with these requests, which would provide documents directly related to the willful and knowing nature of the violations of the TCPA, or whether there was "intentional misconduct" worthy of punitive damages with regards to violations under the FCCPA.

The information sought is basic and discoverable pursuant to Fed. R. Civ. Pro. 26(b)(1). Namely, Defendant's TCPA compliance, or lack thereof, is precisely what this case is about. The TCPA is a strict liability statute that entitles the Plaintiff to $500 in damages for each violation and, if found to have willfully or knowingly violated the statute, an amount equal to not more than three times the $500 damages ($1,500) per call. 47 U.S.C. § 227(b)(3). The information sought is not only discoverable, but will certainly be admissible to illustrate whether the Plaintiff will be entitled to treble damages for willful TCPA violations. The requested documents are the exact sort of documents necessary in proving (or disproving) that Defendants knew they were acting in

knowing violation of the TCPA. If Defendants did not use any documents, during the relevant period, to comply with Section 227(b)(1)(A)(iii) of the TCPA, they should simply so state.

Plaintiff also has the right to discovery regarding any internal correspondence relating to TCPA compliance and consumer complaints. Defendant has provided no factual support for its contention that this request is not relevant or overly broad, vague or ambiguous. Whether or not the Defendant has procedures regarding the TCPA is necessary to determine if the Defendant's conduct was willful or knowing in violation of the TCPA. To that end, any internal emails concerning TCPA compliance and memoranda, bulletins, letters, committee or team reports, emails, meeting minutes, or other documents created or modified during the "relevant time period" which instructs or notify NSL employees, representatives or agents on how to respond to or handle any complaints, claims, verbal requests for a cease and desist is essential information for Plaintiff to be able to show that Defendant's conduct was willful or knowing.

With regard to the FCCPA, "policies and procedure which concern or related to practices to be followed by Defendant in communicating with or attempting to collect a debt from the Plaintiffs and specifically related to compliance with F.S. §§ 559.72(7)" would be probative in determining if Defendant engaged in "intentional misconduct or gross negligence," and whether punitive damages would be appropriate. *Goodin v. Bank of Am., N.A.*, 114 F. Supp. 3d 1197, 1214 (M.D. Fla. 2015).

This information is not confidential, proprietary, or trade secret, and importantly, Defendant has failed to provide a privilege log supporting this objection. Defendant has cited no cases to support the contention that the documents requested are confidential. Moreover, the Plaintiff finds it difficult to imagine how this is anything but a cut-and-paste, boilerplate objection. Finally, Defendant's repeated, identical use of "it seeks confidential, proprietary business

6

information that belongs to NSI" or "it calls for documents and/or communications protected by attorney-client privilege or work product privilege" comes with zero explanation or privilege log. Defendant ignores Fed. R. Civ. P. 26(b)(5)(A)(ii), which requires a description of the nature of the documents. Without the requested privilege log, Plaintiff is left completely in the dark with regards to what—if any—documents are being withheld. In *Perry, et al. v. Schwarzenegger, et al.,* 591 F.3d 1126 (9th Cir. 2009), the court held that "the district court also observed that proponents had failed to produce a privilege log required by Federal Rule of Civil Procedure 26(b)(5)(A)(ii). We agree that some form of a privilege log is required …" *Id*. at n. 1. Lastly, these requests are limited and narrowly tailored to "relevant period," making it minimally burdensome and also extremely relevant and important to the Plaintiff's case.

### DISCOVERY REQUESTS RELATED TO DEFENDANT'S PRIOR COMPLAINTS

**Request for Production No. 39:** Prior complaints made by consumers or their attorneys, in the past 4 years concerning alleged violations of state and federal law relating to the collection of consumer debts by telephone calls.

**RESPONSE:** NSI objects to this Request on the grounds that: (i) it is overbroad, unduly burdensome and harassing; (ii) it is vague and ambiguous; (iii) it seeks confidential, proprietary business documents that belong to NSI; (iv) it seeks documents that are protected from disclosure by the attorney-client privilege and/or the attorney work-product privilege; (v) it seeks documents that are neither relevant nor proportional to the needs of this action.

**Request for Production No. 40:** Prior complaints received from government entities in the past 4 years concerning alleged violations of state and federal law relating to the collection of consumer debts by telephone calls.

**RESPONSE:** NSI objects to this Request on the grounds that: (i) it is overbroad, unduly burdensome and harassing; (ii) it is vague and ambiguous; (iii) it seeks confidential, proprietary business documents that belong to NSI; (iv) it seeks documents that are protected from disclosure

by the attorney-client privilege and/or the attorney work-product privilege; (v) it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action.

**Request for Production No. 41:** Prior lawsuits filed against the Defendant, during the relevant time-period, for violation(s) of the FCCPA in reference to collecting debts.

**RESPONSE:** NSI objects to this Request on the grounds that: (i) it is overbroad, unduly burdensome and harassing; (ii) it is vague and ambiguous; (iii) it seeks confidential, proprietary business documents that belong to NSI; (iv) it seeks documents that are protected from disclosure by the attorney-client privilege and/or the attorney work-product privilege; (v) it seeks documents that are neither relevant nor proportional to the needs of this action.

**Request for Production No. 42:** Prior lawsuits filed against the Defendant, during the relevant time period, for violation(s) of 47 U.S.C. §227(b)(1)(A)(iii)"

**RESPONSE:** NSI objects to this Request on the grounds that: (i) it is overbroad, unduly burdensome and harassing; (ii) it is vague and ambiguous; (iii) it seeks confidential, proprietary business documents that belong to NSI; (iv) it seeks documents that are protected from disclosure by the attorney-client privilege and/or the attorney work-product privilege; (v) it seeks documents that are neither relevant nor proportional to the needs of this action.

**Basis to Compel Requests for Production No. 39-42:**

The information sought is discoverable pursuant to Fed. R. Civ. P. 26(b)(1) and very relevant as Plaintiff specifically alleges the Defendant ignored countless complaints and repeated requests by Plaintiff for the phone calls to stop. Prior complaints made to the Defendant about its own practices and procedures are highly relevant to the Plaintiff's claims for punitive damages under the FCCPA, as well as evidencing the willful and knowing nature of the violations under the TCPA, and therefore the Plaintiff's claim for trebled damages. The simple fact that Defendant

8

is attempting to hide behind the claim that this request is "overboard" and "unduly burdensome" likely speaks volumes about the number of complaints similar to Plaintiff's that have been received. As discussed in *Donnelly v. NCO Fin. Sys., Inc.*, 263 F.R.D. 500 (N.D. Ill. 2009) *objections overruled*, No. 09 C 2264, 2010 WL 308975 (N.D. Ill 2010), information relating to other complaints in which Defendant was accused of violating the TCPA is relevant in assessing whether the Defendant acted willfully in violating the TCPA in this case. *Id*. at 505. Although past violations do not necessarily reflect actual violations, it is relevant to Defendant's knowledge of the TCPA and the actions it did or did not take to ensure compliance. *Id*. This information will be admissible to determine if Plaintiff is only entitled to $500 per call or up to $1500 based upon a willful and intentional violation, per the TCPA. With regard to the FCCPA, prior complaints would be probative in determining if Defendant engaged in "intentional misconduct or gross negligence" and whether punitive damages would be appropriate. *Goodin*, 114 F. Supp. 3d at 1214. In fact, the Middle District of Florida has addressed this precise issue in *McCaskill v. Navient Solutions*, No. 8:15-cv-1559-T-33TBM, Dkt. 64 at 7 (M.D. Fla. 31, 2015). In *McCaskill*, the court ordered:

> Moreover, to the extent that Defendant(s) have been subject to formal written complaints or inquiries by a State of Florida or federal agency or entity during the relevant period of this suit because of their alleged violation of the TCPA, the FCCPA, or the FDCPA for collection activities of the kind at issue in this case, a copy of such complaint or inquiry shall be provided.[2]

Prior complaints about the same sort of conduct endured by Plaintiff would demonstrate that Defendant had actual knowledge of the wrongfulness of its conduct and the high probability that

---

[2] It is worth highlighting for the Court that the *McCaskill* Order was compelling responses from the same defendant, Navient Solutions, Inc. (now known as Navient Solutions, LLC), as in today's case with regards to nearly identical discovery issues. Moreover, the same law firm and counsel currently representing Defendant in this matter was also counsel in the *McCaskill* matter. The issues and pattern of behavior in front of the Court today is nothing new for the Defendant and its counsel.

injury or damage would result and is therefore relevant to treble damages under the TCPA and the award of punitive damages under the FCCPA. This is information is also neither confidential nor a trade secret, and importantly, Defendant has failed to provide a privilege log supporting this objection.

Lastly, the discovery requests in question are narrowly tailored to a relevant time period, and allegations similar to those being alleged in the current matter

### DISCOVERY REQUESTS RELATED TO DEFENDANT'S CALLS TO CLIENT

**Request for Production No. 37:** Documents which identify the make, model, and software version of the telephone system(s) used by Defendant to "make telephone calls" to "Plaintiff's cellular telephone number" during the "relevant period."

**RESPONSE:** NSI objects to this Request on the grounds that: (i) it is overbroad, unduly burdensome and harassing; (ii) it is vague and ambiguous; (iii) it seeks confidential, proprietary business documents that belong to NSI; and (iv) it seeks documents that are neither relevant nor proportional to the needs of this action.

**Interrogatory No. 4:** Identify the manufacturer's name, make, model, software name, and software version of the telephone dialing system (also sometimes commonly referred to as an "autodialer," "robo-dialer," "predictive dialer," "power dialer") that was used by Defendant to place telephone calls to "Plaintiff's cellular telephone number" during the "relevant time period".

**RESPONSE:** NSI objects to this Interrogatory on the grounds, among others, that: (i) it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action; and (ii) it seeks confidential, proprietary business information that belongs to NSI.  Without waiving and subject to these objections, NSI responds as follows: The calls to Plaintiff were made in predictive and agentless or manual modes.

**Interrogatory No. 9:** Please identify the name, residence address, business address and telephone number of each person believed or known by you, your agents or attorney to have any knowledge of the incidents described in the Complaint, and specify the subject matter of the witness' knowledge.

**RESPONSE**: NSI objects to this Interrogatory to the extent that it: (i) is overbroad, unduly burdensome and harassing, and (ii) it seeks information which in which non-parties have a legitimate expectation of privacy. Without waiving and subject to these objections and the general objections, NSI response to this Interrogatory as follows: (1) Plaintiff Jessica Rose and (2) corporate representative of NSI, based upon his or her review of NSI business records, who may be contacted only through counsel for NSI.

**Basis to Compel Requests for Production No. 37 and Interrogatory No. 4, 9:**

The information sought is discoverable pursuant to Fed. R. Civ. P. 26(b)(1) and very relevant as Plaintiff specifically alleges that Defendant called Plaintiff's cellular telephone more than 1,000 times in violation of the TCPA. In her request for Defendant to produce documents that describe and identify the system used to make telephone calls to, Plaintiff is very simply attempting to ascertain information regarding the capabilities of the telephone system used by the Defendant to place an estimate 1,000 calls to her cellular. Discovery regarding the telephone dialing system(s) used by the Defendant can hardly be described as "overbroad" when the TCPA specifically applies to equipment which has the capacity to: (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers. *See* 47 U.S.C. § 227. This is information is also neither confidential nor a trade secret, and importantly, Defendant has failed to provide a privilege log supporting this objection.

As for Interrogatory 9, in addition to Defendant's baseless boilerplate objections, Defendant's response seemingly indicates that no collector ever spoke with Plaintiff during any of the alleged 1,000 calls to her cellular telephone. This is not true. Not only does Plaintiff allege countless conversations with Defendant's employees requesting the calls to stop, but Defendant's own records and recordings evidence numerous conversations. Quite obviously, individuals who

spoke with the Plaintiff during the calls which are the subject matter of this suit would have "knowledge of the incidents described in the Complaint."

## MEMORANDUM OF LAW

### I.     Legal Standard for Motion to Compel

The below standards are axiomatic and well known to this Court. The Federal Rules state that, on notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. Fed. R. Civ. P. 37(a)(1). The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action. *Id*. Under Rule 26, the information sought in discovery need not itself by admissible; instead, to be the proper basis of a discovery request it must only be likely to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1).

If a party does not receive disclosures or adequate discovery responses pursuant to Rule 26, then that party may request an order compelling disclosure. Fed. R. Civ. P. 37(a)(1). Whether or not to grant the motion to compel is at the discretion of the trial court. *Commercial Union Insurance Co. v. Westrope*, 730 F.2d 729, 731 (11th Cir. 1984). If the motion is granted, Rule 37(a)(5)(A) goes on to provide that the Court must award the movant's reasonable expenses incurred in making the motion, including attorney's fees, except in certain enumerated circumstances. Fed. R. Civ. P. 37(a)(5)(A). *See also Broad. Music, Inc. v. Bourbon St. Station, Inc.*, No. 3:09-cv-468-J-25MCR, 2010 WL 376619, at *1 (M.D. Fla. Jan. 26, 2010).

### II.    Specified Deficiencies & Basis to Compel

The Plaintiff served the Defendant with its First Set of Interrogatories and Request for Production and unfortunately did not receive adequate responses to several of her requests.

Specifically, inadequate and evasive responses were received with regards to Interrogatory Nos. 4 and 9, and Requests for Production Nos. 1, 12, 18, 27-30, 34, 37 39-42, as previously outlined in this Motion.

### III. Further Justification for Production

The documents required to be disclosed, which Defendant failed to provide, are of paramount importance in primarily deciding whether treble damages are warranted under the TCPA, as well as whether punitive damages are appropriate in light of Defendant's conduct under both the TCPA and FCCPA. The TCPA provides that "[i]f the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than three times the amount available under subparagraph (B) of this paragraph." 47 U.S.C. § 227(b)(3)(C).

In *Harris v. World Fin. Network Nat'l Bank*, 867 F. Supp. 2d 888 (E.D. Mich. 2012), the Defendant was placing telephone calls to an individual in error, and upon being notified by the Plaintiff that said calls were mistaken, the Defendant ceased calling one account but continued placing calls on two other accounts. The court found that the "Defendant's continuous phone calls regarding the other two accounts constitute willful violations of § 227(b)(1)(A). At that point, Defendants were put on notice." *Id*. at 896. The court further went on to say that "When a third-party, that is, a person who is not the actual debtor on the past due account, notifies Defendants that they have the wrong number for an account, it is Defendants policy to remove the phone number from that account only." *Id*. The Defendants' actions in *Harris* ultimately caused the court to "award triple damages, pursuant to 47 U.S.C. § 227(b)(3) for the phone calls and

13

prerecorded messages Defendants placed to Plaintiff's cellular phone after August 23, 2010—the date on which Plaintiff first notified Defendants that they had the wrong number." *Id*.

Additionally, in *King v. Time Warner Cable*, 113 F. Supp. 3d 718 (S.D.N.Y. 2015), the court ruled for treble damages against Time Warner Cable for calling the plaintiff after her revocation, stating that defendant "had knowledge through its agent that King did not consent to further robo-calls. Therefore, Defendant's subsequent calls were knowing violations and treble damages are appropriate." *Id*. at 727. The actions of Defendant and whether or not treble damages are appropriate, along with punitive damages, would be clarified by the production of Defendant's prior complaints, both formal and informal, as well as any internal correspondence related to TCPA compliance and complete policies and procedures as described above. Ultimately, the information requested is relevant to determine willful and or punitive conduct, and whether damages under TCPA should be trebled.

### IV. Legal Authority for Motion to Compel

"Mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation. To that end, either party may compel the other to disgorge whatever facts he has in his possession." *Hickman v. Taylor*, 329 U.S. 495, 507 (1947). The information sought by Plaintiff is necessary to the proper preparation and prosecution of the Plaintiff's case, as "[t]he discovery provisions of the Federal Rules of Civil Procedure allow the parties to develop fully and crystalize concise factual issues for trial. Properly used, they prevent prejudicial surprises and conserve previous judicial energies. The United States Supreme Court has said they are to be broadly and liberally construed." *Callaway v. Papa John's USA, Inc.*, No. 09-61989-CIV-ZLOCH, 2010 WL 4024883, at *5 (S.D. Fla. Oct. 12, 2010) (quoting *Hickman*, 329 U.S. at 507). Defendant's failure

to provide the appropriate disclosures and discovery responses is calculated to and does defeat, impede, impair, and prejudice the Plaintiff in the prosecution of her case.

By its very design, discovery is intended to operate with minimal judicial supervision unless a dispute arises and one of the parties files a motion requesting judicial intervention. "The rules require that discovery be accomplished voluntarily; that is, the parties should affirmatively disclose relevant information without the necessity of court orders compelling disclosure." *In re E.I. DuPont de Nemours & Co.*, 918 F. Supp. 1542 (M.D. Ga. 1995), *rev'd on other grounds*, *In re E.I. DuPont de Nemours & Cor.-Benlate Litig.*, 99 F.3d 363 (11th Cir. 1996). Defendant's unwillingness to participate in good faith discovery, however, requires the Plaintiff to file this instant Motion to Compel. Fed. R. Civ. P. 37(a)(1), (a)(4). In order to obtain the appropriate responses and documents, Plaintiff compels Defendant to provide responses to Interrogatory Nos. 4 and 9; and Requests for Production Nos. 1, 12, 18, 27-30, 34, 37 39-42.

### V. Request for Attorney Fees Regarding Motion to Compel

Courts are sometimes hesitant to award attorney fees for a motion to compel, but the failure to produce meaningful responses to the requests described in this Motion are a good example of when fees are appropriate. Rule 37(a)(5)(A) states that if the Motion to Compel Discovery is "granted—or if the disclosure of requested discovery is provided after the motion is filed—the court shall . . . require the party . . . whose conduct necessitated the motion . . . to pay the moving party reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). If this Court finds that the Defendant has been less than forthright with regards to its production of documents, Plaintiff should be awarded fees and expenses associated with the instant motion, pursuant to this Rule.

Defendant's actions in the instant case are the type of conduct where sanctions, fees, and costs are appropriate. These are identical to the actions by the defendant in *Douglas v. Kohl's Dept. Stores, Inc.*, No. 6:15-cv-1185-Orl-22TBS, 2016 WL 1588651, at *1 (M.D. Fla. April 20, 2016), in which the court awarded plaintiff her reasonable legal expenses, including attorney fees, to prosecute her motion to compel. The court's order in the *Douglas* case was provided to defense counsel on more than one occasion in this matter. Defendant's failure and refusal to provide even basic information, such as prior complaints or internal correspondence related to policies and procedures and compliance with the TCPA, FCCPA and FDCPA during the relevant time period, constitutes ample grounds for the granting of sanctions and attorney's fees and costs.

## RULE 3.01(g) CERTIFICATE

In accordance with Local Rule 3.01(g), the undersigned certifies that she contacted Defendant's counsel on numerous occasions (including January 19, 2017, February 1, 2017, and February 13, 2017) to resolve these discovery issues. However, to date, adequate responses have not been provided. Therefore, this motion is submitted to the Court for consideration.

**WHEREFORE,** Plaintiff respectfully requests this Honorable Court to order Defendant to immediately produce documents and a description of the documents being withheld or privilege log, and responses to certain interrogatories as articulated above, in addition to award the Plaintiff 3 hours of attorney fees for time Defendant forced Plaintiff's counsel to spend concerning this Motion, in addition to any other remedies this Court deems just and proper.

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on February 28, 2017, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

	Respectfully submitted,

	*/s/ Amanda J. Allen*
	**Amanda J. Allen, Esq**.
	Florida Bar No.: 0098228
	Amanda@TheConsumerProtectionFirm.com
	Shenia@TheConsumerProtectionFirm.com
	THE CONSUMER PROTECTION FIRM, PLLC
	210-A South MacDill Avenue
	Tampa, FL 33609
	Telephone: (813) 500-1500
	Facsimile: (813) 435-2369
	Attorney for Plaintiff