2017 WL 895739
Only the Westlaw citation is currently available.
United States District Court,
M.D. Florida,
Jacksonville Division.

Melonie BRATCHER, Plaintiff,
v.
NAVIENT SOLUTIONS, INC., Defendant.

CASE NO. 3:16-cv-519-J-20JBT
|
Signed 03/02/2017

**Attorneys and Law Firms**

Amanda J. Allen, William Peerce Howard, Stefan Alvarez, The Consumer Protection Firm, PLLC, Tampa, FL, for Plaintiff.

Abigail S. Pressler, Dayle Marie Van Hoose, Rachel A. Morris, Sessions, Fishman, Nathan & Israel, LLC, Tampa, FL, for Defendant.

### ORDER

JOEL B. TOOMEY, United States Magistrate Judge

 *1 **THIS CAUSE** is before the Court on Plaintiff's Motion to Compel ("Motion") (Doc. 13), Defendant's Response thereto (Doc. 14), and the parties' Joint Notice of Discovery Items that Remain in Dispute ("Joint Notice") (Doc. 17). For the reasons set forth herein, the Motion is due to be **GRANTED**, and Defendant shall **SHOW CAUSE** in writing why expenses should not be awarded to Plaintiff.

### I. Relevant Background

In the Complaint, Plaintiff alleges that Defendant violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §§ 227 et seq., the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. §§ 559.55 et seq., and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 et seq., by using an automatic telephone dialing system to call Plaintiff's cellular telephone over 100 times between 2015 and the present, without her express permission, and after she repeatedly requested that Defendant stop. (*See* Doc. 1.)

On January 17, 2017, Plaintiff filed the instant Motion, which stated generally that Defendant failed to provide anything more than boilerplate objections to many of Plaintiff's discovery requests despite having had several months to respond. (Doc. 13 at 1–4.) In the Response, Defendant stated that since the Motion was filed, Defendant had produced all information to which Plaintiff was entitled. (Doc. 14 at 5.) The Court took the Motion under advisement and directed the parties to confer regarding the subject discovery and file a joint notice stating what, if any, discovery items remained in dispute. (Doc. 15.) In the Joint Notice, the parties state that only Plaintiff's Request for Production No. 36 and Plaintiff's Interrogatory No. 14, as limited by Plaintiff, remain in dispute. (Doc. 17.)

### II. Analysis

Federal Rule of Civil Procedure 26(b)(1) governs the scope of discovery in civil cases. In general, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case...." Fed. R. Civ. P. 26(b)(1).

#### A. Discovery Items in Dispute

Plaintiff's Request for Production No. 36 seeks:

> Prior complaints, formal or informal, whether in writing or not, made by consumers or their attorneys, concerning alleged violations of state and federal law relating to calls using an "automatic telephone dialing system," "artificial voice," and/or prerecorded voice.

(Doc. 13-2 at 20; Doc. 17 at 3.)

Plaintiff's Interrogatory No. 14 states:

> Identify any prior complaints, formal or informal, whether in writing or not, received from any governmental agency, concerning alleged violations of federal law relating to telephone calls to consumers....

(Doc. 13-2 at 45; Doc. 17 at 4.)

During the conferral process, Plaintiff limited both discovery items to add the following:

> only those prior complaints, both formal and informal, for just the past two years, which counsel for the Defendant knows are stored and readily accessible in [Defendant's] CSI Database maintained by [Defendant's] Office of Customer Advocate and its Supervisor, Angela Kamionka.

**\*2** (Doc. 17 at 6.)

Defendant objects to these items on the grounds that they: (1) are overbroad, unduly burdensome, and harassing; (2) are vague and ambiguous; (3) seek confidential, proprietary business documents; (4) seek documents that are protected by the attorney-client privilege and/or that constitute work product; (5) seek documents that are irrelevant; and (6) are not limited to a relevant time period. (*Id.* at 3–4; Doc. 13-2 at 20, 45–46.) Without waiving these objections, Defendant has produced information regarding lawsuits filed against it for violations of the TCPA, FCCPA, and FDCPA in the last two years. (Doc. 17 at 4–5, 8.)

Plaintiff argues that prior complaints of similar conduct are relevant to show the willful and knowing nature of Defendant's violations, which is relevant to the issue of damages. (*Id.* at 6.) Additionally, Plaintiff argues that the information is relevant to show whether Defendant had an institutional refusal to properly and effectively document consumers' revocations of consent, despite what the letter of its policies and procedures might reflect. (*Id.*)

Upon review, the information sought by both discovery items is relevant to Plaintiff's claims. Specifically, when awarding damages to an individual plaintiff under the FDCPA or the FCCPA, a court must consider, among other things, "the frequency and persistence of noncompliance," the "nature of such noncompliance," and "the extent to which such noncompliance was intentional." See 15 U.S.C. § 1692k(b)(1); Fla. Stat. § 559.77(2). Additionally, a defendant may not be held liable under these statutes if it "shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error." *See id.* Further, under the TCPA, "[i]f the court finds that the defendant willfully or knowingly violated [the statute] ..., the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount [otherwise] available." 47 U.S.C. § 227(b)(3). Both formal and informal prior complaints regarding conduct similar to that at issue in this case are relevant to these determinations.

Moreover, Defendant has not shown that fully responding to the subject discovery items, as limited, would be unduly burdensome. Federal Rule of Civil Procedure 26(b)(2)(B) states in relevant part:

> A party need not provide discovery of electronically stored information from sources that the party identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the party from whom discovery is sought must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C).

Defendant has made no sufficient showing that the subject electronically stored information from "the past two years, which counsel for the Defendant knows [is] stored and readily accessible in [Defendant's] CSI Database," is not reasonably accessible because of undue burden or cost. (Doc. 17 at 6.) By the terms of the requests, Plaintiff has limited the information sought to that which is "readily accessible" in an identified database maintained by an identified person. Defendant's argument that it would be required to "pull every email and document from every ... employee that could be involved in a 'complaint' " lacks any factual support, and does not account for Plaintiff's limitation of the discovery items. (*Id.* at 10.)

**\*3** Similarly, Defendant has made no showing in support of its conclusory assertion that the information sought is "highly sensitive confidential and proprietary information and privileged information." (*Id.*) Further, Defendant's argument that the information need not be produced because it is not admissible under [Federal Rule of Evidence 404(b)](#) is without merit. *See* [Fed. R. Civ. P. 26(b)(1)](#) ("Information within this scope of discovery need not be admissible in evidence to be discoverable."). Thus, the Motion will be granted.

### B. Expenses

[Federal Rule of Civil Procedure 37(a)(5)(A)](#) provides:

> If the motion [to compel] is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
>
> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>
> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
>
> (iii) other circumstances make an award of expenses unjust.

Because the Motion will be granted, and because the partial discovery responses provided by Defendant were served after the Motion was filed, Defendant must show cause in writing why Plaintiff should not be awarded her reasonable expenses incurred in making the Motion pursuant to [Federal Rule of Civil Procedure 37(a)(5)](#).

Accordingly, it is **ORDERED**:

1. The Motion (**Doc. 13**) is **GRANTED**.

2. **On or before March 17, 2017**, Defendant shall fully respond without objection to Plaintiff's Request for Production No. 36 and Plaintiff's Interrogatory No. 14, as limited, and produce all responsive documents.

3. **On or before March 17, 2017**, Defendant shall also **SHOW CAUSE** in writing why it and/or its attorney should not be ordered to pay Plaintiff's reasonable expenses incurred in making the Motion pursuant to [Federal Rule of Civil Procedure 37(a)(5)](#). Alternatively, by that same date, if the parties reach an agreement regarding expenses, they shall file a joint notice so informing the Court.

**DONE AND ORDERED** at Jacksonville, Florida, on March 2, 2017.

**All Citations**

Slip Copy, 2017 WL 895739

---

**End of Document**　　© 2017 Thomson Reuters. No claim to original U.S. Government Works.