IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JESSICA ROSE,

          Plaintiff,

v.

NAVIENT SOLUTIONS, LLC, F/K/A
NAVIENT SOLUTIONS INC.  and
STUDENT ASSISTANCE CORPORATION,

          Defendants.

No. 8:16-cv-02688-JSM-TBM

## DEFENDANT NAVIENT SOLUTIONS, LLC'S RESPONSE TO PLAINTIFF'S MOTION TO COMPEL

Defendant Navient Solutions, LLC ("NSL"), by and through undersigned counsel, in response to the Motion to Compel (the "Motion") filed herein by plaintiff Jessica Rose ("Rose"), states as follows:

## I.     Introduction

NSL is a servicer of student loans.  In her Complaint, Rose challenges telephone calls that NSL made to her in an effort to collect outstanding amounts on her student loans.  Rose asserts a claim under the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. (the "TCPA"), which governs, among other things, the use of automated telephone dialing equipment to make calls to cellular telephones.  Such calls may be made with the recipient's "prior express consent," and calls made without the requisite consent are subject to statutory damages, in the amount of $500 for negligent violations or up to $1,500 for willful violations.  She also asserts claims under the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55, et seq. (the "FCCPA"), and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (the

"FDCPA"), which govern debt collection practices and prohibit debt collectors from using abusive, unfair or deceptive practices to collect debts.

As detailed below, however, the instant Motion is meritless and intended to harass NSL. Rose contends that she filed the Motion due to NSL's "refusal to provide basic documents and responses to straightforward requests . . . ." (Motion, ¶ 1.)  To the contrary, NSL has complied with all of Rose's discovery requests that are properly framed and also has provided the documents to which she is entitled.  Indeed, before Rose filed her Motion, NSL agreed to resolve almost all of the issues raised.  As for the issues that have not been resolved, Rose seeks documents and information that plainly are outside the scope of discovery.  Accordingly, the Court should deny the Motion on multiple grounds.

<u>First</u>, Rose argues that she merely seeks the production of NSL's policies and procedures for TCPA, FCCPA and FDCPA compliance, but the requests are much broader and clearly objectionable.  For instance, Request for Production Nos. 12 and 18 seek all "internal memoranda, bulletins, letters, committee or team reports, emails, meeting minutes, or other documents" related to various aspects of compliance.  Such requests are grossly overbroad and unduly burdensome, and seek documents that are irrelevant and disproportionate to the needs of Rose's case.  Moreover, these types of documents are of minimal relevance to this case, especially considering they would provide nothing more than duplicative information.   Indeed, before Rose filed her Motion, NSL agreed to provide the relevant policies and procedures themselves and, since the filing, NSL has done so.

<u>Second,</u>, Rose seeks prior complaints filed against NSL.  Once again, NSL agreed to comply with these requests during the 3.01(g) conference, and it has since done so by providing complaints filed against NSL asserting violations of the TCPA, FCCPA, and FDCPA from the

past two years.  To the extent that Rose's requests for complaints seek more than what NSL has already provided, they are overreaching.  Indeed, given the legal standards governing Rose's claims in the Eleventh Circuit, this information cannot even serve any purpose here.

<u>Third</u>, Rose seeks information regarding NSL's dialing equipment.  Again, this issue is resolved.  During the 3.01(g) conference, NSL agreed not to contest that the calls at issue were made using an automated telephone dialing equipment.  The parties have since entered into a stipulation stating that all of NSL's call attempts were made using an automatic telephone dialing system, and listing the number of call attempts at issue.  Accordingly, these requests are moot.

<u>Fourth</u>, Rose seeks a privilege log.  This request is moot, too, as NSL provided supplemental written responses to resolve Rose's concerns with NSL's assertions of privilege, just as NSL promised it would do during the 3.01(g) conference.

Moreover, given the agreements reached during the 3.01(g) conference, and the obvious defects in the requests that remain at issue, there was no justifiable reason for Rose to file the Motion.  This is especially true considering that the discovery cutoff is more than eight months away.  The Court therefore should award to NSL the attorneys' fees and costs incurred in preparing this Response.

## II.   **Background**

### A.   **NSL and Rose's Loan**

NSI is engaged in the business of servicing student loans, including on behalf of the United States Department of Education (the "Department").  The servicing of loans for the Department is governed by a complex set of federal regulations.  <u>See</u> 34 C.F.R. §§ 682.400–682.423.  At a minimum, though, when loans are delinquent, NSI is required to contact the borrowers.  34 C.F.R. § 682.411(c)–(f).

### B.   **The Complaint**

According to Rose, in or about January and February of 2014, during phone calls with NSL's agents, she revoked her prior express consent for calls to her cellular telephone. (Complaint, ¶¶ 42-43.)  However, NSL continued to call her despite these alleged revocations. (Id., ¶ 47.)  On September 19, 2016, Rose filed her Complaint against NSL, asserting claims for violations of the TCPA, FDCPA and FCCPA

### C.     The Discovery Proceedings

On December 1, 2016, Rose served on NSL fourteen Interrogatories, twenty-seven Requests for Admission and forty-three Requests for Production.   NSL was unable to substantively respond to the discovery requests when its responses were due on January 4, 2016 (just after the holidays), and Rose was unwilling to provide the professional courtesy of an extension.  Accordingly, in order to protect its positions, NSL served objections to the discovery on January 4, 2016, and assured her that substantive discovery responses and responsive documents were forthcoming.  On January 17, 2017, NSL served its responses and, on January 25, 2017, NSL produced responsive documents.

On February 13, 2017, the parties engaged in the 3.01(g) conference.  Although NSL maintains that its original responses were sufficient, in the spirit of cooperation, and in an attempt to avoid unnecessary motion practice, NSL agreed to:  (1) not challenge that the calls at issue were made using automated telephone dialing equipment; (2) make a supplemental production of documents, and (3) provide certain supplemental written responses.

NSL immediately began working diligently and in good faith to fulfill its commitments, and continued to assure Rose that it was doing so.  Nevertheless, on February 28, 2017, Rose filed the Motion, allegedly due to NSL's "refusal to provide basic documents and responses to straightforward requests . . . ."  (Motion, ¶ 1.)  To the contrary, at this point, NSL has produced thousands of pages of documents.  These documents include the call log detailing the number

and type of phone calls that NSL made to Rose, the recordings of calls with her, the notes for her account, complaints against NSL and the policies and procedures for TCPA, FDCPA and FCCPA compliance.  Additionally, the parties are in the process of scheduling a deposition of NSL's corporate representative.

## III.   <u>Argument</u>

### A.   **Legal Standard**

The Federal Rules of Civil Procedure define the general scope of civil discovery as follows:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1). Here, NSL has acted in the proper spirit and in compliance with its obligations.  In contrast, Rose's positions are unreasonable, and this Motion is frivolous, unnecessary and harassing.

### B.   **In Accordance With Its Representations During The 3.01(g) Conference, NSL Has Provided Rose With The Information And Documents To Which She Is Entitled.**

#### 1.   **Requests Concerning NSL's Policies and Procedures**

As noted above, NSL has already provided policies and procedures regarding compliance with the TCPA and debt collection laws, such as the FCCPA and FDCPA.  Accordingly, Rose's requests concerning NSL's policies and procedures are essentially moot.

To the extent that Rose continues to pursue all "internal memoranda, bulletins, letters, committee or team reports, emails, meeting minutes, or other documents" related to policies and procedures, they would be clearly irrelevant and disproportional to the needs of the case.  For

CHICAGO/#2961997.3

instance, in <u>Douglas v. Kohl's Dep't Stores, Inc.</u>, in which Rose's counsel was involved, plaintiff filed a motion to compel when defendant did not comply with requests for production of "all internal emails."  No. 6:15-cv-1185-Orl-22TBS, 2016 U.S. Dist. LEXIS 54782, at *4–7 (M.D. Fla. Apr. 25, 2016).  In her motion, plaintiff asserted the same arguments that Rose makes here – i.e., that all of the information requested is relevant because it goes to the issue of treble damages.  <u>Id.</u> at *9–10.  However, the court denied the motion, explaining that "plaintiff's argument falls well short of what is required to show relevancy.  She has failed to demonstrate why internal emails from Defendant's . . . will aid in determining whether Defendant continued to call her after she asked Defendant to stop . . . ."  <u>Id.</u> at *10.  Further, the court noted that the requests were disproportional, as they would require defendant to review thousands of emails for responsiveness and privilege.  <u>Id.</u> at *9.  Rose's motion should be denied here based on the same reasoning and because her requests are even broader, covering numerous, additional categories of information.

In addition, Rose's Requests simply serve no purpose -- except harassment.  NSL has already provided Rose with the relevant compliance policies and procedures.  These documents represent NSL's universe of TCPA and debt collection law compliance training and informational literature; essentially, they are a complete and final version of what Rose seeks in her requests for "internal memoranda, bulletins, letters, committee or team reports, emails, meeting minutes, or other documents" related to policies and procedures.  Moreover, NSL will soon provide deposition testimony.  Thus, Rose's Requests should be denied as duplicative, unnecessary, irrelevant and harassing.  <u>See</u> <u>Boral Indus., Inc. v. Cont'l Cas. Co.</u>, 144 F. App'x 36, 38 (11th Cir. 2005) (affirming denial of a motion to compel because the documents sought "contained information that was 'largely redundant of other correspondence and evidence

produced in discovery and presently in the record'''); <u>Klayman v. Freedom's Watch, Inc.</u>, No. 07-22433-CIV, 2007 U.S. Dist. LEXIS 91990, at *13 (S.D. Fla. Dec. 14, 2007) ("As plaintiff has already received the information he seeks, he is not entitled to [additional discovery] simply because he does not like the answers it has received on the subject from the individual Defendants at deposition, and through document discovery.").

Furthermore, even setting aside all of these issues, responding to these requests would impose a serious burden on NSL.  The type of information that Rose seeks would involve an extensive cross-company search for electronically stored information, and many employees of NSL are involved in TCPA compliance, including in-house lawyers.  Rose's Request effectively asks NSL to pull every email and document from every employee working on compliance.  And this would all constitute an effort to obtain information that is already in Rose's possession in a more complete, finalized form.  <u>See, e.g.</u>, <u>Gates v. Travelers Commer. Ins. Co.</u>, No. 3:12-CV-349-J-32TEM, 2012 U.S. Dist. LEXIS 176649, at *8 (M.D. Fla. Dec. 12, 2012) ("A district court has discretion to limit discovery of relevant material upon a determination the sought discovery is unreasonably cumulative or duplicative, obtainable from some other source that is more convenient, less burdensome, or less expensive, or the burden or expense of the proposed discovery outweighs the likely benefit.").

### 2.    Requests Concerning Complaints Against NSL

As noted above, NSL has produced complaints alleging violations of the TCPA, FCCPA, and FDCPA from the past two years, as it assured Rose it would do during the 3.01(g) conference.  As a result, these requests are largely moot.  However, NSL stands by its objections to the extent Rose seeks a further production of formal or informal complaints.

Rose cites <u>Donnelly v. NCO Fin. Sys., Inc.</u>, 263 F.R.D. 500, 505 (N.D. Ill. 1009), for the proposition that "information relating to other complaints . . . is relevant in assessing whether the

Defendant acted willfully in violating the TCPA in this case."  (Motion to Compel, p. 12.) Importantly, however, the plaintiff in <u>Donnelly</u> only sought evidence of prior lawsuits, which NSL has already produced.  Additionally, by producing actual complaints and not merely a list of cases, NSL has gone above and beyond its discovery requirements in light of <u>Donnelly</u>, where the court only required the production of a list of such cases.  <u>See</u> <u>Anderson v. Domino's Pizza, Inc.</u>, No. 11-cv-902 RBL, 2012 U.S. Dist. LEXIS 45503, at *6 (W.D. Wash. Mar. 30, 2012) (explaining that, in <u>Donnelly</u>, plaintiff only sought a list of cases).  Further, while Rose is correct that the court in <u>McCaskill v. Navient Solutions, Inc.</u>, Case No. 8:15-cv-1559-T-33TBM, Dkt. 64 at 7 (M.D. Fla. Dec. 31, 2015), required production of complaints by government agencies in addition to evidence of TCPA lawsuits, the court limited this production to <u>formal</u> <u>written</u> complaints, which is a substantial limitation on what Rose is seeking here.  Moreover, a review of the case law demonstrates that the decision in <u>McCaskill</u> is the exception, not the rule.  Most cases require only the production of a list of TCPA lawsuits and nothing more.  <u>See</u> <u>Pollock v. Northland Grp., Inc.</u>, No. 12-80335-RYSKAMP/HOPKINS, 2012 U.S. Dist. LEXIS 191950, at *2 (S.D. Fla. Aug. 22, 2012); <u>Rubin v. Northland Grp., Inc.</u>, No. 12-80320-RYSKAMP/HOPKINS, 2012 U.S. Dist. LEXIS 191949, at *2 (S.D. Fla. Aug. 13, 2012); <u>Anderson</u>, 2012 U.S. Dist. LEXIS 45503, at *6; <u>Donnelly</u>, 263 F.R.D. at 505.  Indeed, a court in the Southern District of Florida recently denied plaintiff's requests to NSL on these very same issues.  <u>Cedeno v. Navient Solutions, Inc.</u>, No. 16-61049-CIV-UNGARO/OTAZO-REYES, Dkt. 41 (S.D. Fla. Dec. 8, 2016) (denying plaintiff's motion to compel on the same complaint requests raised in Rose's Motion, and explaining that "[NSL's] responses to the discovery requests at issue are sufficient and . . . the additional discovery sought by Plaintiff is neither relevant nor proportional to the needs of the case").

Furthermore, the documents sought do not, and could not, add anything to Rose's ability to prove her claims.  Instead, the proof that would relate to her claims is simple and narrow.  To prove her TCPA claim, Rose must demonstrate that NSL contacted her without the requisite "prior express consent" and using an autodialer.  Meanwhile, on the  FCCPA and FDCPA claims, Rose must show that the calls somehow were harassing or abusive.  The Complaint Information would do nothing to assist Rose in proving these claims, which turn entirely on NSL's actions as they pertain to its servicing of Rose's delinquent student loans, and not any other person's.

Rose also cannot support the discovery by arguing that it goes to the issue of willfulness under the TCPA.  In the Eleventh Circuit, "[t]he requirement of 'willful[] or knowing[]' conduct requires the violator to know he was performing that conduct that violates the statute." Lary v. Trinity Physician Fin. & Ins. Servs., 780 F.3d 1101, 1107 (11th Cir. 2015).  This standard requires a detailed inquiry into the alleged violator's conduct as it pertains to the calls at issue. See Brown v. Account Control Tech., Inc., No. 0:13-62765-CIV-DIMITROULEAS, 2015 U.S. Dist. LEXIS 180605, at *10 (S.D. Fla. Jan. 15, 2015) (denying summary judgment on willfulness because it was "unclear whether the agents actually saw [the] information, and to what extent such information on the [system] interface suggested that the number was linked to a cell phone").  In other words, complaint information will not assist Rose in proving the issue of willfulness and, by her Motion, she sought only to harass and disadvantage NSL.

### 3.     Requests Concerning NSL's Dialing Equipment

These requests are entirely moot.  During the parties' 3.01(g) conference, NSL has agreed not to challenge the use of automated telephone dialing equipment in making the calls to Rose. The parties subsequently entered into a stipulation stating that all of NSL's call attempts were

made using an automatic telephone dialing system, and listing the number of call attempts at issue.

### 4.     Rose's Demand For A Privilege Log

This request is moot, too.   During the 3.01(g) conference, NSL agreed to provide supplemental written responses to alleviate Rose's concerns with NSL's privilege objections. NSL has since done so.   Accordingly, Rose's request for a privilege log is settled.

In any event, due to the unreasonableness of the discovery requests, Rose also is not entitled to a privilege log.   As explained above, the requests are extremely overbroad, and seek information such as "internal memoranda, bulletins, letters, committee or team reports, emails, meeting minutes, or other documents" regarding TCPA and debt collection law compliance. Rose has refused to limit the scope of these requests.   As a result, NSL has no choice but to stand by its privilege objections.   Moreover, given that these Requests are so overbroad, Rose is not entitled to a privilege log because the time required for its creation would be grossly disproportionate to the needs of Rose's case.

### C.     Pursuant To Fed. R. Civ. P. Rule 37(a)(5)(B), The Court Should Order Rose To Pay NSL's Costs And Attorneys' Fees Incurred In Opposing The Motion.

Under Rule 37(a)(5)(B), when a motion to compel is denied, the movant is required to pay costs and fees accrued by the opposing party in responding to the motion:

> If the motion [to compel discovery] is denied, the court may issue any protective order authorized under Rule 26(c) and must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees.

Fed. R. Civ. P. 37(a)(5)(B). This applies with particular force if the motion is frivolous, vexatious and/or brought for purposes of harassment.   See Schumann v. Collier Anesthesia, P.A., No. 2:12-CV-347-FTM-29CM, 2014 WL 1230644, at *3 (M.D. Fla. Mar. 25, 2014) (agreeing to

hold a hearing on awarding fees to the nonmovant for a frivolous motion).  Here, the Motion serves no legitimate purpose, and should not have been brought.  As outlined above, before the filing of the Motion, NSL was working cooperatively with Rose to resolve her concerns.  Further, since that time, NSL has made good on its promises.  Put simply, the Motion was pointless, especially in light of the fact that no deadline was approaching; the close of discovery is more than eight months away.  Accordingly, the Court should award NSL's the costs and attorneys' fees incurred in opposing the Motion.

**IV.**    **Conclusion**

For the foregoing reasons, NSL respectfully requests that this Court deny the Motion and grant an award of costs and attorneys' fees on this Response.

Respectfully submitted,

NAVIENT SOLUTIONS, LLC

By:  /s/ Rachel A. Morris
By Its Attorneys

Rachel A. Morris, Esq.
Florida Bar No. 0091498
Dayle M. Van Hoose, Esq.
Florida Bar No. 0016277
SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.C.
3350 Buschwood Park Drive, Suite 195
Tampa, FL 33618
Telephone: (813) 890-2469
Facsimile: (866) 466-3140
ramorris@sessions.legal
dvanhoose@sessions.legal

Dated:  March 21, 2017

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on March 21, 2017, a copy of the foregoing was served by electronic

mail on the party listed below:

Amanda Allen, Esq.
The Consumer Protection Firm, PLLC
210 A South MacDill Avenue
Tampa, FL  33609
Tel: (813) 500-1500
Fax: (813) 435-2369
Amanda@TheConsumerProtectionFirm.com

/s/ Rachel A. Morris
_____
Attorney

CHICAGO/#2961997.3