**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**JESSICA ROSE,**

    **Plaintiff,**

**v.**                                      **Case No. 8:16-cv-2688-T-30TBM**

**NAVIENT SOLUTIONS, LLC, and**
**STUDENT ASSISTANCE CORPORATION,**

    **Defendants.**
_____/

**O R D E R**

THIS MATTER is before the Court on **Defendant Navient Solutions, LLC's Motion for Protective Order** (Doc. 37) and Plaintiff's response (Doc. 39).

By the motion, Defendant seeks to prevent Plaintiff from deposing Angela Kamionka, a Senior Director at Navient, who manages staff responsible for responding to complaints from regulators and consumers, as well as a database of informal customer complaints. It claims that she has no personal knowledge of Plaintiff's claim and should not be deposed. Defendant claims that its corporate representative is set for deposition on June 13, 2017, and Ms. Kamionka's deposition, scheduled for June 15, 2017, would be unnecessarily duplicative. (Doc. 37).

Plaintiff claims that Defendant failed to confer on this matter in accordance with Local Rule 3.01(g) and failed to inform counsel of any scheduling conflicts. In any event, Plaintiff argues that the deposition is wholly relevant to her ability to prove the potential willful or knowing nature of Defendant's violations under the TCPA, as well as damages. She previously requested, and the Court granted, discovery into the database of prior complaints that is

maintained by Ms. Kamionka. She asserts that the deposition is both relevant and proportionate to the needs of the case. (Doc. 39).

Upon consideration, **Defendant Navient Solutions, LLC's Motion for Protective Order** (Doc. 37) is **DENIED**. As Defendant concedes, Ms. Kamionka is responsible for responding to complaints from regulators and consumers, as well as for maintaining a database of informal customer complaints. This Court previously allowed discovery into the database, and, in my view, Plaintiff should be permitted to question Ms. Kamionka on her knowledge of TCPA and FDCPA complaints made to her employer-company as well as the database she maintains.

If there is a legitimate scheduling conflict, counsel are directed to confer on an alternate date for the deposition to proceed. Otherwise, the deposition shall proceed as noticed.

**DONE and ORDERED** in Tampa, Florida this 13th day of June 2017.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of record